JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-00994-DOC-ADSx | Date: July 1, 2024 |

Title: CHRISTINA BADGER ET AL V. INARI MEDICAL, INC. ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [12]**

Before the Court is Plaintiffs Christina Badger and Marcy McCaskey's Motion to Remand ("Motion" or "Mot.") (Dkt. 12). The Defendants in this case are Inari Medical, Inc. and Dena Truelove (collectively "Defendants"). The Court finds this matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons explained below, the Court **GRANTS** the Motion and **REMANDS** this case to Orange County Superior Court.

I.   **Background**

   A.   **Facts**

Defendants are citizens of California. Notice of Removal ("Notice") (Dkt. 1) ¶¶ 10, 13. Plaintiff Badger had been an employee of Defendant Inari Medical, Inc. ("Inari") since around February 2019. Ex. A to Mot. ("Complaint" or "Compl.") (Dkt. 12) ¶ 23. In October 2021, Badger reported what she believed was a coworker's violation of law and company policy. Compl. ¶¶ 25-27. The coworker then made false accusations against Badger, contributing to her later termination by Inari. *Id.* ¶ 27. Throughout her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00994-DOC-ADSx                                         Date: July 1, 2024

Page 2

employment, Badger also experienced harassment and inappropriate comments from other male Inari managers. *Id.* ¶ 28.

Inari hired Plaintiff McCaskey in August 2020. *Id.* ¶ 30. A month later, another male Inari employee harassed McCaskey, which she reported to the human resources department. *Id.* ¶¶ 31-32. After she reported the employee's behavior, he gave most of her business to another employee and questioned her about her age. *Id.* ¶¶ 33-34. The harassment contributed to McCaskey's later resignation.

In May and June 2023, both Defendants Inari and Truelove allegedly made harmful statements about both Plaintiffs, including spreading accusations that Badger was "getting drunk and sleeping with physicians." *Id.* ¶ 37. These statements were followed by McCaskey's resignation a month later and Badger's termination a few months later.

      **B.**       **Procedural History**

Plaintiffs filed the Complaint against Defendants on May 1, 2024, in the Orange County Superior Court. Mot. at 2. Six days later, before either defendant had been served, Defendants removed the case to federal court on the basis of diversity jurisdiction. *See generally* Notice. In their Notice, Inari states that removal is proper under 28 U.S.C. § 1441(b) because neither of the forum defendants (i.e., Inari and Truelove) had been served with the complaint prior to removal. Notice ¶¶ 3-4. One month later, Plaintiffs filed the instant Motion for remand on June 3, 2024. The next day, Plaintiffs served the Complaint on Defendants. Defendants filed the Opposition to Motion to Remand six days later, and Plaintiffs timely filed the Reply.

**II.**       **Legal Standard**

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00994-DOC-ADSxDate: July 1, 2024

Page 3

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441. The forum defendant rule provides that a diversity case cannot be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Ninth Circuit precedent has long recognized the strong presumption against removal and that statutory removal procedures are to be strictly construed against removal. *See Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *see also Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) (finding a presumption that federal courts "are without jurisdiction unless the contrary affirmatively appears").

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Section 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* If there are any doubts as to the right of removal, this Court is bound to resolve them in favor of remanding to state court in order to protect the jurisdiction of state courts. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## III.  Discussion

The forum defendant rule in Section 1441(b)(2) states, in pertinent part, that a defendant who has been "*properly joined and served*" cannot remove the case solely on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00994-DOC-ADSx                                           Date: July 1, 2024

Page 4

the basis of diversity jurisdiction, if the defendant is a citizen of the state in which the action was originally brought. in 28 U.S.C. § 1441(b)(2). "Snap removal" defendants argue that so long as removal is achieved before the in-forum defendant is served, the forum defendant rule does not apply. *Cadena v. Polaris Indus.*, No. 3:23-cv-00443-YY, 2023 WL 6004228, at *2 (D. Or. Aug. 15, 2023). The three categories of snap removal cases are: 1) when an out-of-forum defendant attempts to remove to federal court before *any* defendant is served; 2) when an in-forum defendant attempts to remove before they themselves or another in-forum defendant are served; and 3) when an out-of-forum defendant attempts to remove before the in-forum defendant is served. *See id.* at *3. This case falls into the second category.

There currently is no Ninth Circuit authority directly on the issue of snap removal. District courts within the Ninth Circuit are split as to whether snap removal is authorized by the statute. *See Cadena*, 2023 WL 6004228, at *3. Where circuit courts have not ruled on this issue, district courts have generally taken four varying approaches to snap removal. *Talbot v. Tokarski*, No. CV–14–117–BLG–SPW–CSO, 2014 WL 5437035, at *2 (D. Mont. Oct. 24, 2014) (listing cases). Courts have generally: 1) denied remand after an analysis of the statute's plain language; 2) granted remand after finding that a literal interpretation of the statute would lead to an absurd result; 3) granted remand as long one defendant had been served; or 4) granted remand after an analysis of the statute's plain language and legislative history. *See id*; *McAboy v. Intel Corp.*, No. 3:21-cv-01773-IM, 2022 WL 1519081, at *3-6 (D. Or. May 13, 2022); *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 318-22 (D. Mass. 2013).

Here, the parties dispute whether removal was proper under Section 1441(b) when Plaintiffs had not effectuated service of any Defendants. Plaintiffs contend that this Court should still find that the forum defendant rule prohibits removal under these circumstances, whereas Defendants contend that a literal application of Section 1441(b) allows for such removal. Neither party contests that this action could have originally been filed in federal court pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, and the action is between citizens of different states.

Plaintiffs bring their Motion based on the "and served" language in 28 U.S.C. § 1441(b), claiming that the forum defendant rule should still apply to prohibit removal. It is undisputed that Inari, a forum defendant, removed the action prior to either defendant receiving service of process. Defendant Inari removed the case to this Court six days after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00994-DOC-ADSxDate: July 1, 2024

Page 5

Plaintiffs filed the Complaint. Plaintiffs effectuated service of process on both defendants a month later.

### A.Defendants Bear the Burden to Overcome the Presumption Against Removal

Defendant cites *Breuer* to argue that the Supreme Court has overruled the longstanding principle that statutes are to be strictly construed against removal. Opposition to Motion to Remand ("Opp.") (Dkt. 18) at 3-4. They also cite *Breuer*'s ruling that "whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception." *Id.* (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003)). Defendants misinterpret *Breuer*'s ruling. As the Ninth Circuit held, courts are still meant to uphold the historical rule that it is defendant's burden to establish the prima facie case for removal, and *Breuer* simply added that it is plaintiff's burden to establish exceptions to removal. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007) (citing *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684-85 (9th Cir. 2006)).

Indeed, the burden is on Defendants to establish that removal is proper under the removal statute. The forum defendant rule, Section 1441(b)(2), is a part of the Section 1441 removal statute. Defendants have to first establish that this action qualifies for removal, even with the application of the forum defendant rule, in order for the burden to then shift to Plaintiffs to establish an exception to removal. Defendants have not completed the first step of meeting their burden here. The "longstanding, near-canonical rule that the burden on removal rests with the removing defendant" remains in effect. *Abrego Abrego*, 443 F.3d at 684; *see also Serrano*, 478 F.3d at 684-85.

### B.28 U.S.C. § 1441 Does Not Allow Defendants to Avoid the Forum Defendant Rule Through Removal Before Service

#### 1.The Plain Text of the Statute Requires Service Before Removal

In interpreting a statute, courts should examine the statute "as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Talbot v. Tokarski*, No. CV-14-1170BLG0SPW-CSO, 2014 WL 5437035, at *1 (D. Mont. Oc. 24, 2014) (citing *Boise Cascade Corp. v. U.S. E.P.A.*, 942 F.2d 1427, 1432

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00994-DOC-ADSx            Date: July 1, 2024

Page 6

(9th Cir. 1991)). While "the authoritative statement is the statutory text, not the legislative history," *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005), the court may look beyond the plain statutory meaning if the language is ambiguous, or would lead to an absurd result. *Talbot*, 2014 WL 5437035, at *2 (citing *Safe Air for Everyone v. U.S. E.P.A.*, 488 F.3d 1088, 1099 (9th Cir. 2007)).

     Defendants argue that construing the forum defendant rule to only apply to defendants who have been served does not "constitute an absurdity," so as to justify looking beyond the plain statutory meaning. Opp. at 8. To be sure, if Plaintiffs seek to invoke the "absurdity canon" to override a statute's apparently plain language, they face "an extremely high bar." *See Cadena*, No. 3:23-cv-00443-YY, 2023 WL 6004228, at *5 (D. Or. Aug. 15, 2023) (citing *United States v. Torres*, 995 F.3d 695, 705 (9th Cir. 2021)). However, this Court finds the *Gentile* court's inquiry into the plain statutory meaning persuasive and declines to engage in an inquiry into absurdity. *See Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313 (D. Mass. 2013). Under the *Gentile* court's reading of the statute, the plain language dictates that service is required before removal, and this Court does not reach the question of whether allowing removal before service rises to the level of absurdity.

     The current forum defendant rule (post-2011 amendment) prohibits removal "if *any* of the parties in interest properly joined and served as defendants" were forum defendants. *Gentile*, 934 F. Supp. 2d at 317 (citing 28 U.S.C. § 1441(b)(2)) (emphasis added). If the statute does not assume that at least one party has been served, then the word "any" becomes superfluous, contravening a fundamental principle of statutory interpretation. *Id.* As the *Gentile* court explains:

> "[T]he statute assumes at least one party has been served; ignoring that assumption would render a court's analysis under the exception nonsensical and the statute's use of 'any' superfluous. This would be contrary to the cardinal rule of statutory construction that '[a]ll words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous.' *United States v. Ven–Fuel, Inc.*, 758 F.2d 741, 751–52 (1st Cir.1985). Thus the lack of a party properly joined

Case 8:24-cv-00994-DOC-ADS   Document 32   Filed 07/01/24   Page 7 of 9   Page ID #:541

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00994-DOC-ADSx                                        Date: July 1, 2024

Page 7

> and served does not mean an 'exception' to removal is inapplicable, but rather means that an even more basic assumption embedded in the statute—that a party in interest had been served prior to removal—has not been met."

*Id.* at 318; *see also Pratt v. Alaska Airlines, Inc.*, No. 2:21-CV-84-DWC, 2021 WL 1910885, at *3-4 (W.D. Wash. May 12, 2021) (finding that Section 1441(b)(2)'s use of "any" "clear[ly] and unambiguous[ly]" requires one defendant to have been served before a non-forum defendant can remove an action on the basis of diversity jurisdiction). This Court declines to ignore the clear statutory language that requires at least one defendant be served before defendants can remove to federal court.

### 2. The Context, History, and Purpose of the Statute Evince Congress's Intent to Require Service Before Removal

Reasonable minds have disagreed as to the meaning of Section 1441's language. If a possibility exists that the meaning of the statute's text is ambiguous, then courts may look beyond plain statutory meaning. *Talbot*, 2014 WL 5437035, at *2 (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 200 (1993)). While the authoritative statement is unquestionably the statutory text, the Supreme Court cautions against "constru[ing] words 'in a vacuum.'" *Gundy v. United States*, 588 U.S. 128, 141 (2019) (citing *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989)). A fundamental canon of statutory interpretation is that the words of a statute must be read holistically, with an eye to their context, history, and purpose to divine the meaning of the language. *Id.* If an interpretation of the statutory text produces not an absurd result, but a "merely an unreasonable one 'plainly at variance with the policy of the legislation as a whole,'" courts must follow the interpretation of the text that is in harmony with its purpose. *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) (citations omitted).

Courts have engaged in extensive historical analyses of Section 1441(b)(2) in order to unearth Congress's intent behind enacting the statute. As other courts have found, the original purpose of diversity jurisdiction was "based on the desire of the Framers to assure out-of-state litigants courts free from susceptibility to potential local bias." *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011) (citing *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48 (1954) (Frankfurter, J., concurring));

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00994-DOC-ADSx                                                                     Date: July 1, 2024

                                                                                                                             Page 8

*see also Gentile*, 934 F. Supp. 2d at 319-20 (citing the Federalist Papers' description of the roots of diversity jurisdiction, and tracing the origins of the Section 1441(b) "properly joined and served" limitation to an overarching Supreme Court desire at the time of the revision in preventing plaintiffs from defeating removal by fraudulently joining a forum defendant). An interpretation of the forum defendant rule that would allow a forum defendant to remove an action to federal court would clash with the policy behind the statute. The risk of a defendant suffering local bias does not apply when the defendant seeking removal is a citizen of the forum state. As the Ninth Circuit has stated, "Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court . . . The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively v. Wild Oats Mkts.*, 456 F.3d 933, 939 (9th Cir. 2006).

       The Court agrees with Plaintiffs that if the purpose behind the statute is to prevent procedural gamesmanship by plaintiffs through improper joinder, an interpretation of the "joined and served" provision that promotes such gamesmanship by defendants through allowing removal before plaintiffs serve any defendant both undermines the general purpose of the forum defendant rule (i.e., to keep certain cases in state court) and inappropriately prevents plaintiffs from litigating in the forum of their choice. *See Oxendine v. Merck and Co., Inc.*, 236 F. Supp. 2d 517, 524 (D. Md. 2002) ("[R]emovability can not rationally turn on the timing or sequence of service of process."); *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007) ("[T]o allow a resident defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes. Allowing either party to do that would be against what the courts have long understood to be Congress's intent."); *Brown v. Organon Int'l Inc., et al.*, Nos. 07-3092 (HAA), 07-3456(HAA), 08-2021(HAA), 2008 WL 2833294, at *4 (D.N.J. July 21, 2008) (holding that a literal interpretation of Section 1441(b) promotes defendant gamesmanship by "allow[ing] defendants to avoid the imposition of the forum defendant rule as long as they are monitoring state dockets and avoiding service"); *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 647 (D.N.J. 2008) ("[G]iven that the purpose of the 'properly joined and served' language is to prevent one form of gamesmanship – improper joinder – the court finds that allowing defendant to engage another type of gamesmanship – a hasty filing of a notice of removal – is demonstrably at odds with Congressional intent.") (referring to H.R. Rep. No. 3214)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00994-DOC-ADSx                                           Date: July 1, 2024

                                                                                              Page 9

Further supporting that Congress could not have intended to permit snap removal is the recent advent of the Internet and electronic case dockets. As the *Sullivan* court astutely points out, a Congress sitting in the 1940s could not have adequately had these concerns in mind:

> Congress could not have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by, inter alia, electronically monitoring the state court dockets. Thus, Congress would have had no thought to wording the statute with this modern problem in mind.

*Sullivan*, 575 F. Supp. 2d at 645. Following this logic, the Court agrees that a literal interpretation of Section 1441(b) disrupts the policy behind the forum defendant rule. That interpretation also unfairly advantages defendants with the resources to continuously monitor dockets nationwide, who can obtain notice of litigation before they are served. *Gentile*, 934 F. Supp. 2d at 321.

By understanding the statute to require service on any defendant before removal, plaintiffs have only the "modest burden" of ensuring that they effect service on a forum defendant before any non-forum defendants. *Id.* at 322. This interpretation aligns with the plain language of the statute, as well as its context, history, and purpose. Here, both Defendants are forum defendants, neither which were served before they filed for removal, thus violating the forum defendant rule.

**IV.    Disposition**

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange, California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                          Initials of Deputy Clerk: kdu

CIVIL-GEN